[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action arising from construction services performed by the defendant, Darrin Witham (Witham), for the plaintiff, Anthony Magnano (Magnano). Magnano alleges that Witham and Magnano entered into a contract, in which Witham agreed to construct and install a driveway on Magnano's property. Magnano further alleges that the defendant constructed the driveway "in so unskillful and negligent a manner" that "shortly after its completion, it became muddy and barely passable to motor vehicles." Magnano further alleges that Witham had represented to Magnano that he was an experienced excavator who had installed several similar driveways prior to installing Magnano's driveway. Magnano also alleges that Witham had never previously installed a driveway similar to Magnano's.
Before the court is a motion to strike the second count of the complaint sounding in the Connecticut Unfair Trade Practices Act (CUTPA).
Witham argues that the motion to strike should be granted because Magnano has alleged a single instance of an unfair practice, and a single instance of unfair practices does not support an action under CUTPA. Magnano contends that a single instance of unfair trade conduct is sufficient to satisfy the requirements of CUTPA and cites many Connecticut Superior Court cases for that proposition.
A single act is not enough to sustain a CUTPA claim. The simple words of the statute, General Statutes § 42-110g, speaks of "methods and unfair or deceptive acts or practices in the conduct of any trade or business." General Statutes § 42-110g. Where all of the critical words in the statute are plural, the plain meaning of these words suggests that more than one act of misconduct is necessary. Duncan v. Burnside Motors, 2 CSCR 379
CT Page 13085 (February 26, 1987, O'Neill, J.).
The wording of the statute suggests that the legislature did not intend an isolated act of misconduct to be considered a "practice." Id. Allegations of an isolated act of misconduct are not sufficient to sustain a CUTPA claim.
In the second count, the plaintiff simply alleges the defendant represented he had previously installed driveways "of a similar type" to the plaintiff's and, in fact, he had not done so. The defendant's statement concerns a matter of opinion and the plaintiff fails to allege that the defendant's statement of his opinion was untrue.
The allegation that the defendant did not install a similar driveway is also a matter of opinion. Accordingly, the motion to strike the second count is granted.
/s/ McDonald, J. --------------- McDONALD